# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Michael Anthony Breyan, ) | Case No. 6:24-cv-00317-BHH-MGB |
|         Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina, ) | |
|         Defendant. ) | |

Plaintiff Michael Anthony Breyan, proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

## BACKGROUND

Plaintiff was arrested in McCormick County, South Carolina on or around January 1, 2021, for attempted murder; assault and battery of a high and aggravated nature; possession of a weapon during the commission of a violent crime; and possession of a weapon by an inmate.[1] (*See* Indictment Nos. 2022-GS-35-00072–75.) At some point during his criminal proceedings, Plaintiff was deemed incompetent to stand trial for the reasons set forth in S.C. Code Ann. § 44-23-410 and

---

[1] The undersigned takes judicial notice of the records filed in Plaintiff's underlying criminal action before the McCormick County Court of General Sessions. *See* Public Index, https://www.sccourts.org/casesearch/ (limiting search to McCormick County) (last visited Sept. 26, 2024); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (same); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (explaining that the court may also take judicial notice of factual information located in postings on government web sites).

involuntarily committed to the Columbia Regional Care Center in Columbia, South Carolina.[2] A *nolle prosequi* was entered with respect to Plaintiff's four criminal charges on March 9, 2023.

It is against this background that Plaintiff filed the instant Complaint alleging that, upon his arrest, "someone went to 102 2nd St. Conestee SC where . . . all [his] things [were] and destroyed everything." (Dkt. No. 1 at 6.) More specifically, Plaintiff claims that "someone . . . [tore] down [his] house and got rid of all [his] cars and all [his] clothes" in violation of the Fourth Amendment. (*Id.* at 7.) The Complaint seeks "compensatory damages" and contends that Plaintiff is entitled to a "re-built" home with twenty bedrooms and six bathrooms, a number of cars with certain custom features, and various clothing items. (*Id.* at 8.)

Upon reviewing these initial allegations, the undersigned issued an order notifying Plaintiff that his case was subject to summary dismissal for failure to state a claim upon which relief may be granted. (Dkt. No. 5.) The undersigned explained that the State of South Carolina was not amenable to suit under 42 U.S.C. § 1983 and, even if it was, the Complaint did not "contain any factual allegations whatsoever suggesting that the State—or an employee of the State—[was] responsible for the purported destruction of Plaintiff's property." (*Id.* at 3–4.) The undersigned then afforded Plaintiff twenty-one days, plus three days for mail time, to file an amended pleading that cured the deficiencies identified in the original Complaint. (*Id.* at 4.) The undersigned warned Plaintiff that if he failed to comply with the Court's instructions within the time permitted, his case would be dismissed. (*Id.*)

In response to the undersigned's instructions, Plaintiff submitted a "Motion for [an] Order, Verdict & Compensation," essentially renewing his request that the State replace his property. (Dkt. No. 8.) Accordingly, the undersigned issued a second order denying Plaintiff's motion as

---

[2] The undersigned relies on the records filed in *Breyan v. All Employees of Columbia Care Ctr.*, No. 2:23-cv-4847-BHH-MGB (D.S.C. Mar. 29, 2024), for much of this background information.

2

premature and affording him one more opportunity to file an amended complaint that cured the deficiencies identified in his original pleading. (Dkt. No. 9.) The undersigned once again emphasized that if Plaintiff did not comply with the Court's instructions within the time permitted, his action would be summarily dismissed. (*Id.* at 1.)

Instead of filing an amended pleading, Plaintiff then submitted a one-page, handwritten document titled, "Why Breyan Should Recover in Courts." (Dkt. No. 11.) The filing asserts that Officer Roy E. Cox, III (a "government official") "swor[e] under oath" that the State had "enough evidence to arrest and convict [Plaintiff]" when it apparently did not, as evidenced by the *nolle prosequi* entered in Plaintiff's criminal proceedings. (*Id.*) Based on this contention, Plaintiff argues that he was "in jail for something [he] didn't do" when his property was destroyed, such that any State employees or government officials "who stood behind [Plaintiff's] illegal arrest" should be "held accountable" for the "harm [and] damage caused . . . while in confinement." (*Id.*) Plaintiff then reiterates that he is seeking damages "to have his house built, and everything he needs for the house, and all his cars, etc." (*Id.*) In light of Plaintiff's *pro se* status, the undersigned considers these supplemental allegations as part of the Complaint in an abundance of caution.[3]

## STANDARD OF REVIEW

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon

---

[3] Generally, "piecemeal pleading" is not allowed because of the confusion it causes parties and courts. *See Breyan v. All Employees. of Columbia Care Ctr.*, No. 2:23-cv-4847-BHH-MGB, 2024 WL 1363811, at *3 n.5 (D.S.C. Mar. 7, 2024), *adopted*, 2024 WL 1349136 (D.S.C. Mar. 29, 2024), *aff'd*, No. 24-6335, 2024 WL 3580113 (4th Cir. July 30, 2024). Nevertheless, the undersigned finds it appropriate to consider the allegations in the Complaint (Dkt. No. 1) together with those raised in the supplemental filing (Dkt. No. 11) for purposes of this initial review. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (emphasizing "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities") (internal citations omitted).

which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" or "baseless" factual contentions, such as "fantastic or delusional" scenarios, may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of

4

liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

Despite the undersigned's warnings, Plaintiff failed to file an amended complaint that cured the deficiencies identified in his initial pleading. The undersigned therefore finds that this action should be dismissed for failure to prosecute and comply with an order of the Court pursuant to Rule 41(b), Fed. R. Civ. P., and for failure to state a claim upon which relief may be granted pursuant to Rule 8(a), Fed. R. Civ. P. The undersigned briefly reiterates below why Plaintiff's Complaint (Dkt. No. 1) and supplemental filing (Dkt. No. 11) fail to state an actionable constitutional violation for purposes of Rule 8(a).

As a threshold matter, the undersigned notes that because Plaintiff did not file an amended complaint, the State of South Carolina remains the sole defendant in this action. (Dkt. No. 1 at 4.) To state a claim to relief under 42 U.S.C § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights.

5

*Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). However, as the undersigned previously explained (Dkt. No. 5 at 3), the State of South Carolina does not qualify as a "person" for purposes of § 1983, and any such claims are therefore subject to summary dismissal.[4] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also, e.g.*, *Ackbar v. South Carolina*, No. 4:17-cv-1019-RMG-TER, 2017 WL 2364302, at *1 (D.S.C. May 30, 2017) (dismissing South Carolina from § 1983 action because it is not a "person" acting under color of state law); *Boyd v. South Carolina*, No. 7:19-cv-867-BHH-JDA, 2019 WL 2061495, at *5 (D.S.C. Mar. 28, 2019), *adopted*, 2019 WL 2057961 (D.S.C. May 9, 2019), *aff'd*, 773 F. App'x 678 (4th Cir. 2019) (same).

Notwithstanding the above, to the extent Plaintiff is now attempting—through his supplemental filing—to bring this action against "each government official that is employed with [the] State of [South Carolina] who stood behind [his] illegal arrest" (Dkt. No. 11), vague groups of unidentified individuals lumped together in broad-brush allegations also do not constitute "persons" for purposes of § 1983. *See Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required under § 1983); *Dean v. S.C. Dep't of Mental Health*, No. 6:16-cv-3422-TMC-KFM, 2017 WL 2332741, at *1 (D.S.C. May 30, 2017) (explaining that "entire departments" or "groups of people" are not amenable to suit under § 1983);

---

[4] Moreover, the State of South Carolina generally has Eleventh Amendment immunity from a suit for damages brought by a private citizen in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98–99 (1984). The State of South Carolina is therefore protected from Plaintiff's § 1983 claims for monetary damages. *See, e.g.*, *Ackbar v. South Carolina*, No. 4:17-cv-1019-RMG-TER, 2017 WL 2364302, at *1 (D.S.C. May 30, 2017) (finding that South Carolina is entitled to Eleventh Amendment immunity with respect to plaintiff's § 1983 damages claims); *Shuler v. S.C. Dep't of Soc. Servs.*, No. 2:19-cv-1017-MGL-PJG, 2019 WL 2269923, at *2 (D.S.C. May 28, 2019) (same).

*see also Allen v. City of Graham*, No. 1:20-cv-997, 2021 WL 2037983, at *2, 5 (M.D.N.C. May 21, 2021) (finding allegations that failed to differentiate alleged wrongful conduct between defendants insufficient to state a claim to relief under Rule 8(a)); *Spivey v. Breckon*, No. 7:20-cv-400-MFU-JCH, 2022 WL 2317448, at *3 (W.D. Va. June 28, 2022) (same).

Insofar as Plaintiff is specifically suggesting that Officer Roy E. Cox, III was indirectly responsible for the destruction of his property by virtue of facilitating Plaintiff's arrest without sufficient evidence (Dkt. No. 11), such allegations more accurately sound in false arrest and/or malicious prosecution. However, the undersigned already rejected such claims against Officer Cox in a previous action filed by Plaintiff before this Court. *See Breyan v. All Employees/Roy E. Cox III*, Case No. 2:24-cv-975-BHH-MGB (D.S.C. June 7, 2024). Most relevant here, the Court explained that Plaintiff's allegations against Officer Cox were premised "on the flawed contention that the *nolle prosequi* entered in Plaintiff's criminal proceedings established his innocence and/or the State's lack of evidence against him." (Case No. -975, Dkt. No. 7 at 7.) The undersigned clarified that, contrary to Plaintiff's argument,

> a *nolle prosequi* is simply "the formal entry on the record by the prosecutor by which he declares he will not prosecute the case further." *State v. Gaskins,* 263 S.C. 343, 347 (1974). Indeed, "if the *nolle prosequi* is entered prior to the jury being empaneled and sworn, there is no bar to further prosecution for the same offense because the innocence or the guilt of the defendant would not have been adjudicated." *See Mackey v. State*, 357 S.C. 666, 668 (2004) (referencing *State v. Patrick*, 318 S.C. 352, 358 (Ct. App. 1995)); *see also Stokes v. Moorman*, No. 9:10-cv-1711-CMC, 2010 WL 3862568, at *5 (D.S.C. Aug. 17, 2010) (explaining that *nolle prosse* "with leave to reindict is not a circumstance which implies or is consistent with the innocence of the accused" (referencing *Jackson v. Gable*, No. 0:05-cv-2591-HFF-BM, 2006 WL 1487047, at *6 (D.S.C. May 25, 2006))), *adopted*, 2010 WL 3834470 (D.S.C. Sept. 27, 2010), *aff'd*, 406 F. App'x 823 (4th Cir. 2011). To that end, a *nolle prosequi* is not an adjudication on the merits and does not necessarily indicate a concession with respect to the State's ability to prove a crime.
>
> In [Plaintiff's criminal case], the solicitor responsible for [his] prosecution entered the *nolle prosequi* with leave to reindict because Plaintiff was found "incompetent

7

> to stand trial for the reasons set forth in S.C. Code Ann. § 44-23-410, and unlikely to become competent in the foreseeable future." (*See* Case No. 2:23-cv-4847-BHH-MGB (D.S.C. Mar. 29, 2024), Dkt. No. 5- 1 at 1; Dkt. No. 11; Dkt. No. 18-1 at 1–2.) Consequently, the disposition of Plaintiff's criminal charges here does not—in and of itself—demonstrate that the State brought those charges recklessly or without sufficient evidence, and any arguments to the contrary are frivolous. *See Neitzke*, 490 U.S. at 325 (dismissing action as frivolous where complaint was premised on "legal interest which clearly does not exist"); *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (noting that summary dismissal is appropriate where the claims are based on an "indisputably meritless legal theory") (internal citations omitted).[5]

(Case No. -975, Dkt. No. 7 at 7–8.) The Court then went on to explain that, notwithstanding the flawed premise of Plaintiff's argument, any claims for false arrest and/or malicious prosecution also failed because he was arrested pursuant to valid arrest warrants and the grand jury returned a true bill of indictment for each of the criminal charges pending against him. (Case No. -975, Dkt. No. 7 at 8–10.)

Thus, the undersigned finds that the same allegations raised against Officer Cox in Plaintiff's supplemental filing (Dkt. No. 11) remain insufficient to state a claim to relief under § 1983. *See Bryant v. United States Dep't of Interior*, No. 2:18-cv-2593-MBS-MGB, 2018 WL 5258812, at *4 (D.S.C. Oct. 9, 2018) (citing *Cottle v. Bell*, 2000 WL 1144623, *1 (4th Cir. Aug. 14, 2000) (per curiam) (finding that "district courts are not required to entertain duplicative or redundant lawsuits," and duplicative actions may be dismissed as frivolous under 28 U.S.C. § 1915(e))), *adopted*, 2018 WL 5255009 (D.S.C. Oct. 22, 2018); *see also Long v. Ozmint*, 558 F.Supp.2d 624, 629 (D.S.C. 2008) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.") (citing *Aloe Crime Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1996 (5th Cir. 1970)).

---

[5] The undersigned has issued similar warnings regarding Plaintiff's failure to grasp the legal implications of the *nolle prosequi* in two other civil actions before this Court. *See Breyan v. McCormick Courts*, Case No. 8:24-cv-3428-BHH-MGB (D.S.C.); *Breyan v. All Employees of Columbia Care Ctr.*, Case No. 2:23-cv-4847-BHH-MGB (D.S.C. Mar. 29, 2024).

**CONCLUSION**

For the reasons discussed above, the undersigned **RECOMMENDS** that this action be summarily dismissed without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). In light of this recommendation, the Clerk of Court shall not forward this matter to the United States Marshal Service for service of process at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 2, 2024
Charleston, South Carolina

Plaintiff's attention is directed to the **important notice** on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).