IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony Breyan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:24-cv-317-BHH |
| v. ) | |
| ) | |
| State of South Carolina, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael Anthony Breyan's pro se ("Plaintiff") complaint seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 18, 2024, the Magistrate Judge issued an order informing Plaintiff that his case was subject to dismissal for failure to state a claim. (ECF No. 5.) Specifically, the Magistrate Judge explained that the State of South Carolina is not amenable to suit under § 1983, and, even if it was, Plaintiff's complaint did not contain sufficient factual allegations to state a claim.

In response to the Magistrate Judge's order, Plaintiff submitted a "Motion for Order, Verdict & Compensation." (ECF No. 8.) The Magistrate Judge then issued a second order denying Plaintiff's motion and affording him one more opportunity to file an amended complaint that cured the deficiencies identified in his original pleading. (ECF No. 9.) Plaintiff did not submit an amended pleading, however, and instead submitted a one-page document titled, "Why Breyan Should Recover in Courts." (ECF No. 11.)

On October 2, 2024, after reviewing and considering all of the materials submitted

by Plaintiff, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this matter without further leave to amend.  (ECF No. 12.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 12), and the Court summarily dismisses this**

**action without further leave to amend and without issuance and service of process.**

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

October 29, 2024  
Charleston, South Carolina